879 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Irvin H. MALCOLM, Petitioner.
v.
GRAFTON COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 88-2980.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1989.
Decided: July 14, 1989.
 
 Thomas Roy Michael, for appellant.
 David Lynn Yaussy (Robinson & Mcelwee, on brief), for appellee.
 Before K.K. HALL, Circuit Judge, EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Irvin Malcolm ("claimant") petitions for review of the Benefits Review Board's ("BRB") affirmance of the Administrative Law Judge's ("ALJ") decision and order denying benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Sec. 901 et seq. Because the ALJ failed to evaluate the evidence properly, we reverse and remand.
 
 I.
 
 2
 The claimant worked as a coal miner from 1937 to 1984. Approximately 36 years of that time was spent in surface mining running a bulldozer. On July 6, 1984, claimant filed this claim for benefits. The claim was denied on September 28, 1984, and at the claimant's request, a formal hearing was held before an ALJ on December 11, 1986.
 
 
 3
 At the administrative hearing, medical evidence was introduced consisting of x-rays, pulmonary function tests, blood gas studies and examinations by physicians. X-ray evidence was conflicting; however, on the basis of two positive readings, one by Dr. Bassali of a 1984 film and one by Dr. Lapp of a 1985 film, the ALJ found the existence of simple pneumoconiosis.[1] The results of three pulmonary function tests were non-qualifying. A blood gas study was also non-qualifying.
 
 
 4
 Although several medical reports were admitted into evidence, only Dr. Edward Petsonk dealt with the extent of the claimant's disability. In his first report dated April 12, 1985, Dr. Petsonk stated that he was unable to assess the extent of disability and needed additional test results in order to make an accurate assessment. After additional tests were conducted, Dr. Petsonk wrote a second report on July 5, 1985, and addressed the claimant's disability:
 
 
 5
 Mr. Malcolm is likely, on the basis of current available evidence, to experience a Class 3 impairment of the whole man, 40 to 50%. Dyspnea does not occur at rest, but does occur during the usual activities of daily living. He may not be able to keep up with others of the same age and body build. From Mr. Malcolm's description of his last job, I would assume he would have difficulty with the heaviest work on that job. [Emphasis supplied].
 
 
 6
 The only other evidence about the extent of his disability came from the claimant himself and two of his coworkers. The claimant testified that he quit work because his breathing problem made it impossible for him to clean the tracks on his bulldozer without assistance from other workers. He testified that cleaning the tracks was the most difficult part of his job. Two of the claimant's coworkers submitted Statements of Reduced Ability. Both workers noted that claimant suffered from shortness of breath; one of the workers said that claimant needed help cleaning the tracks on his bulldozer, the other felt that claimant did not perform lighter or different work because of his breathing difficulty.
 
 
 7
 Based on this evidence, in an order issued January 23, 1987, the ALJ found that the x-ray evidence established that claimant had simple pneumoconiosis. The ALJ denied benefits, however, because there was no evidence to support a finding that the claimant was totally disabled. The ALJ found Dr. Petsonk's statement that claimant "would have difficulty with the heaviest duties on his last job," an insufficient basis upon which to find total disability within the meaning of the Act and ruled that the claimant's testimony on the question of disability was not admissible. On appeal, the BRB affirmed the findings of the ALJ as being supported by substantial evidence. This petition for review followed.
 
 II.
 
 8
 Claimant's only contention is that the ALJ erred in refusing to consider his testimony in making a total disability determination. At the outset, the employer concedes this point. The company argues, however, that because total disability cannot be established solely upon lay evidence, 20 C.F.R. Sec. 718.204(d)(2), the remand for consideration of the testimony which the claimant seeks would be fruitless in light of the fact that there was no medical evidence establishing total disability. We disagree.
 
 
 9
 Black lung disability benefits are payable to a miner if he is totally disabled due to pneumoconiosis. 20 C.F.R. Sec. 718.204(a). Under 20 C.F.R. Sec. 718.204(b), a miner is considered to be totally disabled if pneumoconiosis prevents him:
 
 
 10
 (1) From performing his or her usual coal mine work; and
 
 
 11
 (2) From engaging in gainful employment in the immediate area of his or her residence requiring the skills or abilities comparable to those of any employment in a mine or mines in which he or she previously engaged with some regularity over a substantial period of time.
 
 
 12
 Total disability can be shown by qualifying pulmonary function tests, qualifying blood gas studies, or other medical evidence including the documented opinion of a physician exercising reasoned medical judgment, establishing the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 13
 There were no qualifying pulmonary function tests or blood gas studies in this case. Therefore, to establish total disability claimant relies on Dr. Petsonk's opinion which the ALJ found insufficient that "[h]e [claimant] would have difficulty with the heaviest work on [his last] job."
 
 
 14
 Although the ALJ is not bound to accept the medical opinion of any given physician and may weigh the conflicting evidence and draw his own inferences, there was no conflicting evidence on the extent of the claimant's disability in this case. Dr. Petsonk was the only physician to address the issue of total disability and his conclusion was ambiguous to say the least.[2] The ALJ did not rely on conflicting evidence in denying benefits--he merely found Dr. Petsonk's opinion insufficient. We are of the view that he erred in doing so.
 
 
 15
 The Black Lung Benefits Act [Federal Coal Mine Health and Safety Act of 1969, Secs. 401-435. as amended, 30 U.S.C. Secs. 901, et seq.] is remedial and should be liberally construed in favor of the disabled miner and his dependents. Rose v. Clinchfield Coal Company, 614 F.2d 936, 939 (4th Cir.1980). In this case the evidence showed that claimant suffered from pneumoconiosis and that he was unable to perform at least one aspect of his job because of his breathing difficulties. In conjunction with Dr. Petsonk's report, this evidence raised a substantial question about whether the pneumoconiosis precluded him from performing his employment or similar employment. Under the circumstances and keeping with the remedial purpose of the Act, the ALJ had the duty to probe further and clarify the record on such a critical point.
 
 
 16
 For the above reasons, we find that the ALJ's denial of benefits was not supported by substantial evidence. Accordingly, we reverse the BRB's affirmance of the ALJ's decision and remand the case for further development. Upon remand, either party may submit additional medical evidence on the issue of total disability. In addition, the ALJ should consider the claimant's lay testimony in making his determination.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 [1]
 Earlier readings of complicated pneumoconiosis were discredited by subsequent evidence of a cancerous tumor of the right lung. Claimant underwent a lobectomy in 1984 that revealed the cancer
 
 
 [2]
 Dr. Petsonk's statement that claimant "would have difficulty" with the heaviest work on his last job may very well mean he cannot adequately perform his work